# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CORNELIUS JOSEPH O'LEARY, M.D., | |
| Plaintiff, | Case No. 2:12-cv-00215-JCM-GWF |
| vs. | **ORDER AND REPORT AND RECOMMENDATION** |
| THE UNITED STATES OF AMERICA, et al., | Application to Proceed in Forma Pauperis (#1) and Screening of Complaint |
| Defendants. | |

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on February 10, 2012.

## I.   Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing O'Leary's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

## II.   Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to

relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Attached to Plaintiff's in forma pauperis application was a Claim for Damage, Injury, or Death Form. The Court will treat this form as Plaintiff's complaint for the purposes of screening. On this form, Plaintiff briefly alleges that the federal government has initiated a process of social engineering, harassment and intimidation that has lead federal agents to assault him on several occasions. Plaintiff further alleges that these agents have attempted to murder him. Plaintiff claims that the federal government refuses to explain the mechanism and the legal processes involved. Plaintiff claims that he has suffered physical and mental torture by the United States government. As a result, Plaintiff request $10 billion for personal injury.

The Court finds that these statements are fantastic, delusional and irrational and will therefore recommend that the Complaint be dismissed with prejudice as it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint is **dismissed with prejudice** as delusional and frivolous and as it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 20th day of March, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge