UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CORNELIUS JOSEPH O'LEARY, M.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE UNITED STATES OF AMERICA, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.:  2:12-cv-00215-JCM-GWF <br><br> **ORDER** <br><br> Motion to Seal Case Records (#13) |

    This matter is before the Court on Plaintiff's Motion to Seal Case Records (#13), filed on August 22, 2014.

    On April 18, 2012, the court adopted the recommendation of the undersigned and dismissed Mr. O'Leary's *pro se* complaint finding that his allegations of social engineering and threats by federal agents to murder plaintiff were "fantastic, delusional and irrational." *See Dkt. #5*. On May 24, 2012, Plaintiff filed a Motion to Reopen the Case (#11), therein arguing that he suffered at the hands of the Department of Justice for nearly 10 years. *See Dkt. #11*. While sympathetic to the Plaintiff's plight, the Court denied his motion for failing to state a proper claim and for failing to persuade the court that there were any grounds for reconsideration. *See Dkt. # 12*. Plaintiff now moves this Court for an order sealing or destroying the records in this case alleging that he has been violently attacked in public by federal and state law enforcement in retaliation for filing "this form 95." *See Dkt. #13*. Specifically, Plaintiff alleges that:

> I have been shot at and run into by a truck with "US Marines" and had a gun pointed in my face, which I knocked out of his hands and he drove away, after striking me with his vehicle in a crosswalk in Truth or Consequences, New Mexico. Police officers were watching and let the vehicle drive away. They then yelled "start recording" and told me "leave town" at gunpoint in my hotel a few hours later.

*See Dkt. #13* at pg. 7 ¶ 4.

1 | The Supreme Court has recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *See Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The party seeking to seal a judicial record bears the burden of overcoming the strong presumption by articulating the compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. *Id.*

Here, Plaintiff alleged similar facts that the Court previously found to be "fantastic, delusional and irrational." *See Dkt. #5*. Plaintiff has therefore failed to articulate a compelling reason supported by specific factual findings that outweigh the public policy favoring disclosure. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Seal Case Records (#13) is **denied**.

DATED this 27th day of August, 2014.

                                      GEORGE FOLEY, JR.
                                      United States Magistrate Judge