UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| CORNELIUS JOSEPH O'LEARY, M.D., | Case No. 2:12-CV-215 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| THE UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is a referral notice from the Ninth Circuit.  (Doc. # 23).

On February 10, 2012, plaintiff filed for *in forma pauperis* status with this court.  (Doc. # 1).  Accompanying plaintiff's *in forma pauperis* application was a claim for damage, injury, or death form.  (*See* doc. # 1).  The court treated this form as plaintiff's complaint for the purposes of screening.  (*See* doc. # 2).

On this form, plaintiff briefly alleges that the federal government has initiated a process of social engineering, harassment, and intimidation that has led federal agents to assault him on several occasions.  (Doc. # 1).  Plaintiff further alleges that these agents attempted to murder him.  (*Id.*).  Plaintiff claims that he has suffered physical and mental torture by the United States government and requests $10 billion for personal injury.  (*Id.*).

On March 20, 2012, the magistrate judge released a report and recommendation that plaintiff's complaint be dismissed with prejudice as delusional and frivolous.  (Doc. # 2).  This court adopted the magistrate judge's recommendation in full, and dismissed plaintiff's complaint on April 18, 2012.  (Doc. #5).

Following the dismissal of plaintiff's complaint, plaintiff wrote a series of letters to the court.  (Docs. ## 9, 10).  In these letters, plaintiff details the harassment he has perceived against him by other physicians he has worked with, police officers, and the federal government.  (*See*

**James C. Mahan**
**U.S. District Judge**

1  *id.*). He also discusses how "[m]achiness such as Acoustic Hailing Devices and long range in-
2  phase voice communication and ultrasonic ringing in the high frequency range" are being used
3  by both police officers and federal agents to torture and murder. (*See id.*).

4      Plaintiff moved to reopen his case on May 24, 2012. (Doc. # 11). This court denied
5  plaintiff's motion on June 26, 2012. (Doc. # 12).

6      Nearly two years later, on August 22, 2014, plaintiff moved to seal his case records
7  (docs. ## 13, 18), and also moved to proceed *in forma pauperis*, again (doc. # 14). The court
8  denied both of plaintiff's motions to seal his case records (docs. ## 15, 19), and denied as moot
9  his motion to proceed *in forma pauperis* (doc. # 16).

10      On September 22, 2014, plaintiff appealed this court's April 18, 2012 order adopting the
11  magistrate judge's report and recommendation and dismissing plaintiff's claim with prejudice as
12  frivolous. (Doc. # 21).

13      The Ninth Circuit referred this matter to this court on September 17, 2014, for the limited
14  purpose of determining whether *in forma pauperis* status should continue for plaintiff's appeal.
15  (Doc. # 184). Revocation of *in forma pauperis* status is appropriate where the district court
16  certifies that the appeal is frivolous or not taken in good faith. 28 U.S.C. § 1915(a)(3).[1]

17      The court finds that the appeal is not taken in good faith and that it is frivolous. This
18  court dismissed plaintiff's claims for want of prosecution. "Failure to follow a district court's
19  local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

20  . . .
21  . . .
22  . . .
23  . . .
24  . . .
25  . . .

---

[1] The appellate court, however, may grant in forma pauperis status on appeal. *See O'Neal v. Price*, 531 F.3d 1146, 1149 (9th Cir. 2008) ("[S]ubsections (a)(4) and (5) of Rule 24 of the Federal Rules of Appellate Procedure give litigants a procedural route for challenging the trial court's certification.").

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, in response to the Ninth Circuit's referral notice, (doc. # 23), the court certifies that the appeal is frivolous and not taken in good faith.

DATED October 1, 2014.

_____
UNITED STATES DISTRICT JUDGE